**FREEMAN MATHIS & GARY, LLP**
Marc J. Shrake (SBN 219331)
mshrake@fmglaw.com
Zachariah E. Moura (SBN 279508)
zmoura@fmglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, California 90071-2627
(213) 615-7000; FAX (213) 615-7100

Attorneys for Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff
NORTH AMERICAN CAPACITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SEMPER FI HOLDINGS SERIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>Defendant.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SEMPER FI HOLDINGS SERIES LLC,<br><br>Counterclaim Defendant.<br><br>AND RELATED THIRD-PARTY COMPLAINT | Case No. 2:19-cv-07274-DSF-JPR<br>Hon. Dale S. Fischer, Courtroom 7D<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND REFORMATION;**<br><br>**COUNTERCLAIM FOR DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant North American Capacity Insurance Company ("NAC"), in answer

to the First Amended Complaint filed by Semper Fi Holdings Series LLC ("Plaintiff"), denies each and every allegation in the First Amended Complaint that is not expressly admitted, qualified, or answered below. By way of further response, NAC answers as follows:

1. NAC admits that this lawsuit was filed by Plaintiff. NAC admits that it issued a policy, Policy No. COM100072700, to an entity named Semper Fi Productions, LLC, policy period February 12, 2019 to March 24, 2019 ("Policy"), which speaks for itself. NAC denies any allegations inconsistent with the terms and conditions of the Policy and otherwise denies the allegations in Paragraph 1 of the First Amended Complaint.

2. NAC admits that this lawsuit was filed by Plaintiff and that weeks before a festival scheduled for March Air Reserve Base, local, state, and federal agencies raised safety and security concerns regarding that event. NAC otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint and therefore denies them.

3. NAC admits the allegations of Paragraph 3 of the First Amended Complaint.

4. NAC admits venue is proper under 28 U.S.C. 1391(b)(2).

5. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint and therefore denies them.

6. NAC admits the allegations of Paragraph 6 of the First Amended Complaint.

7. NAC admits that it is a member of Swiss Re Corporate Solutions. NAC admits the information on the Swiss Re web pages speaks for itself and denies any allegations that incorrectly quote or mischaracterize that information.

8. NAC lacks sufficient knowledge or information to form a belief as to

the truth of the allegations in Paragraph 8 of the First Amended Complaint and therefore denies them.

9. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint and therefore denies them.

10. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint and therefore denies them.

11. NAC admits the existence of a signed Facility Rental Agreement dated November 3, 2018, between Semper Fi Holding Series 1 LLC and the March Field Air Museum. NAC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11 of the First Amended Complaint and therefore denies them.

12. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the First Amended Complaint and therefore denies them.

13. NAC denies that Plaintiff or "Festival Organizers" took all appropriate steps and made all necessary arrangements to ensure that an event could be held at the March Field Air Museum on March 22-23, 2019. NAC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the First Amended Complaint and therefore denies them.

14. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint and therefore denies them.

15. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the First Amended Complaint and therefore denies them.

16. NAC admits, on information and belief, that Semper Fi Productions

Freeman Mathis
& Gary, LLP
Attorneys at Law

LLC applied for event cancellation insurance through Ascend Insurance Brokerage and otherwise denies the allegations in Paragraph 16 of the First Amended Complaint.

17. NAC admits that a binder was issued to Plaintiff, the terms and conditions of which speak for themselves. NAC denies any allegations inconsistent with the terms and conditions of the binder and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the First Amended Complaint and therefore denies them.

18. NAC admits that a binder was issued to Plaintiff, the terms and conditions of which speak for themselves. NAC denies any allegations inconsistent with the terms and conditions of the binder and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the First Amended Complaint and therefore denies them.

19. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the First Amended Complaint and therefore denies them.

20. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint and therefore denies them.

21. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint and therefore denies them.

22. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the First Amended Complaint and therefore denies them.

23. NAC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the First Amended Complaint and therefore denies them.

24. NAC admits it was notified by letter of April 18, 2019, that a claim was being submitted for alleged losses allegedly related to an event that did not go forward at the March Field Air Museum and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the First Amended Complaint and therefore denies them.

25. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint and therefore denies them.

26. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the First Amended Complaint and therefore denies them.

27. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the First Amended Complaint and therefore denies them.

28. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 28 of the First Amended Complaint.

29. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 29 of the First Amended Complaint.

30. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 30 of the First Amended Complaint.

31. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 31 of the First Amended Complaint.

32. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC

Freeman Mathis & Gary, LLP
Attorneys at Law

otherwise denies the allegations in Paragraph 32 of the First Amended Complaint.

33. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 33 of the First Amended Complaint.

34. NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 34 of the First Amended Complaint.

35. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the First Amended Complaint and therefore denies them.

36. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the First Amended Complaint and therefore denies them.

37. NAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the First Amended Complaint and therefore denies them.

38. NAC admits that Mark Ballin of Claim Specialists International investigated Plaintiff's claim for insurance coverage. NAC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 of the First Amended Complaint and therefore denies them.

39. NAC admits, on information and belief, that Nate Parienti sent a letter to Mark Ballin dated April 18, 2019, the content of which speaks for itself, and NAC denies any allegations that misstate or mischaracterize the content of the letter. NAC otherwise denies the allegations in Paragraph 39 of the First Amended Complaint.

40. NAC admits, on information and belief, that Mr. Ballin sent a letter to Mr. Parienti dated April 29, 2019, the content of which speaks for itself, and NAC denies any allegations that misstate or mischaracterize the content of the letter. NAC otherwise denies the allegations in Paragraph 40 of the First Amended Complaint.

41. NAC admits, on information and belief, that Mr. Ballin sent a letter to Mr. Parienti dated May 3, 2019, the content of which speaks for itself, and NAC denies any allegations that misstate or mischaracterize the content of the letter. NAC otherwise denies the allegations in Paragraph 41 of the First Amended Complaint.

42. NAC admits, on information and belief, that Mr. Parienti sent a letter to Mr. Ballin dated May 24, 2019, the content of which speaks for itself, and NAC denies any allegations that misstate or mischaracterize the content of the letter. NAC otherwise denies the allegations in Paragraph 42 of the First Amended Complaint.

43. NAC admits that it denied coverage for Plaintiff's alleged loss and otherwise denies the allegations in Paragraph 43 of the First Amended Complaint.

44. NAC admits that a letter was sent on its behalf dated June 14, 2019, regarding Plaintiff's claim under the Policy. The content of the letter speaks for itself, and NAC denies any allegations inconsistent with it. NAC otherwise denies the allegations in Paragraph 44 of the First Amended Complaint.

45. NAC admits that a letter was sent on its behalf dated June 14, 2019, regarding Plaintiff's claim under the Policy. The content of the letter speaks for itself, and NAC denies any allegations inconsistent with it. NAC otherwise denies the allegations in Paragraph 45 of the First Amended Complaint.

46. NAC admits Plaintiff has not incurred any losses covered by the Policy for which NAC would be required to indemnify Plaintiff and otherwise denies the allegations in Paragraph 46 of the First Amended Complaint.

47. NAC denies the allegations in Paragraph 47 of the First Amended Complaint.

48. In response to Paragraph 48 of the First Amended Complaint, NAC realleges its responses to Paragraphs 1 through 47 as though fully set forth here.

49. Paragraph 49 of the First Amended Complaint purports to state a legal proposition, to which no response is required. To the extent a response is required, NAC admits that it issued the Policy, the terms and conditions of which speak for

themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 49 of the First Amended Complaint.

50. Paragraph 50 of the First Amended Complaint purports to state a legal proposition, to which no response is required. To the extent a response is required, NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 50 of the First Amended Complaint.

51. NAC denies the allegations in Paragraph 51 of the First Amended Complaint.

52. NAC denies the allegations in Paragraph 52 of the First Amended Complaint.

53. In response to Paragraph 53 of the First Amended Complaint, NAC realleges its responses to Paragraphs 1 through 47 and 49 through 52 as though fully set forth here.

54. Paragraph 54 of the First Amended Complaint purports to state a legal proposition, to which no response is required. To the extent a response is required, NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 54 of the First Amended Complaint.

55. Paragraph 55 of the First Amended Complaint purports to state a legal proposition, to which no response is required. To the extent a response is required, NAC admits that it issued the Policy, the terms and conditions of which speak for themselves, and NAC denies any allegations inconsistent with them. NAC otherwise denies the allegations in Paragraph 55 of the First Amended Complaint.

56. NAC denies the allegations in Paragraph 56 of the First Amended Complaint.

57. NAC denies the allegations in Paragraph 57 of the First Amended Complaint.

58. NAC denies the allegations in Paragraph 58 of the First Amended Complaint.

59. NAC denies the allegations in Paragraph 59 of the First Amended Complaint.

60. NAC denies the allegations in Paragraph 60 of the First Amended Complaint.

61. NAC denies the allegations in Paragraph 61 of the First Amended Complaint.

62. In response to Paragraph 62 of the First Amended Complaint, NAC realleges its responses to Paragraphs 1 through 47, 49 through 52, and 54 through 61 as though fully set forth here.

63. NAC denies the allegations in Paragraph 63 of the First Amended Complaint.

64. NAC denies the allegations in Paragraph 64 of the First Amended Complaint.

65. NAC denies the allegations and claims in Paragraph 1 of the First Amended Complaint's Prayer for Relief and denies that Plaintiff is entitled to any relief.

66. NAC denies the allegations and claims in Paragraph 2 of the First Amended Complaint's Prayer for Relief and denies that Plaintiff is entitled to any relief.

67. NAC denies the allegations and claims in Paragraph 3 of the First Amended Complaint's Prayer for Relief and denies that Plaintiff is entitled to any relief.

68. NAC denies the allegations and claims in Paragraph 4 of the First Amended Complaint's Prayer for Relief and denies that Plaintiff is entitled to any relief.

69. NAC denies the allegations and claims in Paragraph 6 of the First

Amended Complaint's Prayer for Relief and denies that Plaintiff is entitled to any relief.

70. NAC denies the allegations and claims in Paragraph 7 of the First Amended Complaint's Prayer for Relief and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. The First Amended Complaint fails to state facts sufficient to constitute a cause of action or a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's First Amended Complaint and the allegations and claims in it are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's First Amended Complaint and the claims in it are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's First Amended Complaint and the claims in it are barred because Plaintiff has not met all conditions precedent for coverage under the policy issued by NAC.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's First Amended Complaint and the claims in it are barred because Plaintiff is bound by the terms and conditions of the Mutual Settlement Agreement and Release.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's First Amended Complaint and the claims in it are barred because Plaintiff has not complied in all respects with the policy issued by Plaintiff.

//

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's First Amended Complaint and the claims in it are barred because NAC acted reasonably in all respects in the events giving rise to this dispute.

### EIGHTH AFFIRMATIVE DEFENSE

8. The allegedly wrongful conduct of NAC (which NAC denies occurred) was not a factor in bringing about any alleged damages, injuries, or losses claimed by Plaintiffs to the extent any negligence or other actionable conduct of Plaintiffs or third parties was an intervening and superseding cause of any alleged damages, injuries, or losses claimed by Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's First Amended Complaint and the claims in it are barred because Plaintiff ratified, consented to, and/or acquiesced in the alleged acts, omissions, and events set forth in the First Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's First Amended Complaint and the claims in it are barred because Plaintiff caused, contributed to, or participated in the alleged acts, omissions, and events set forth in the First Amended Complaint. as purported bases for relief.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs are barred from recovering on any cause of action in relation to the valuation of the subject property because NAC at all times acted in compliance with the applicable California Code of Regulations ("CCR"), including but not limited to 10 CCR 2695.183 et seq.

### TWELFTH AFFIRMATIVE DEFENSE

12. To the extent NAC has insufficient knowledge or information on which to form a belief as to whether it has additional defenses to the First Amended Complaint, NAC expressly reserves its right to raise additional affirmative defenses as facts supporting any affirmative defenses may become known to it.

//

**Freeman Mathis & Gary, LLP**
Attorneys at Law

## COUNTERCLAIM

Counterclaim Plaintiff NAC hereby complains and alleges as follows:

## PARTIES

1. Counterclaim Plaintiff North American Capacity Insurance Company ("NAC") is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Manchester, New Hampshire.

2. NAC is informed and believes, and on that basis alleges, that Counterclaim Defendant Semper Fi Holding Series LLC ("Semper Fi") is a Delaware limited liability company with its principal place of business in New York.

## JURISDICTION

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332. There is complete diversity between parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

5. On information and belief, on September 25, 2018, Semper Fi Productions LLC ("SFP LLC") applied for an event cancellation/non-appearance insurance policy to Ascend Insurance Brokerage for an event titled "Salute the Troops March ARB." The application indicates the event was to take place over the course of two days, November 16-17, 2018, at the March Air Reserve Base in Riverside, California, 92518. According to the application, the event had never been held before. SFP LLC identified its usual business as "Event Production" and had been engaged in it for "1 year."

6. On information and belief, on October 11, 2018, SFP LLC submitted a new application for an event cancellation policy to Ascend Insurance Brokerage for an event titled "Salute the Troops – March Field." The application indicates the

event would take place over the course of two days, March 22 to March 23, 2019, at the March Field Air Museum ("MFAM") in Riverside, California, 92518.

## THE POLICY

7. NAC issued under an event cancelation policy, Policy No. COM100072700, policy period February 12, 2019 to March 24, 2019, naming SFP LLC as insured ("Policy").

8. The insuring agreement of the Policy provides that NAC will indemnify the insured, up to the Limits of Insurance, for the insured's loss as a direct result of "cancellation," "abandonment," "curtailment," "postponement," or "relocation" of the "insured event" to which the insurance applies.  The insuring agreement provides that in order for the insurance to apply, all of the following conditions must be met: (1) the loss must be the direct result of an unexpected cause beyond the insured's control and any party who is contracted by the insured to perform a function critical to the successful fulfillment of the Insured Event other than a principal speaker or entertainer; (2) the loss must not be the direct or indirect result of any excluded cause shown in Section II – Exclusions of the Policy; and, (3) the insured must comply with all other terms and conditions of the Policy.

9. The insuring agreement includes "Extra Expense" coverage at Section I.D., which extends the Policy coverage "to include direct and necessary additional expenses incurred by" the insured "over and above the total costs that would normally have been incurred to conduct the 'insured event' in order to continue the normal operations of the insured event subject to prior written approval" of NAC. The limit of coverage is included in the limit shown in the Policy declarations, but in the event that limit is exhausted, NAC "will pay an additional limit, up to $100,000."

10. The Policy defines "insured event" as "the event or events covered by this policy as shown in the Declarations or in the attached schedule of insured events;" "Relocation" as "the removal of the `insured event' to an alternative 'venue';" and, "Venue" as "the location corresponding to the `insured event' where

the 'insured event' is scheduled to occur as shown in the Declaration."

11. Section II – Exclusions of the Policy states that NAC "will not pay for loss or damage caused directly or indirectly by" any of the stated exclusions, and "such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." Section II includes Exclusion 8:

> **8. Failure to Make Necessary Arrangements**
>
> Your failure to:
>
> **a.** make all the preliminary arrangements essential to ensure that a satisfactory **insured event** can be held on the scheduled date. Preliminary arrangements shall include arrangements as a prudent organizer would have made considering the venue size, type of event and the period of time before the open date;
>
> **b.** ensure all licenses, visas, permits and authorizations are current for the term of this policy, and that all contractual arrangements have been confirmed in writing; or
>
> **c.** observe and comply with all federal, state, or local laws, ordinances and regulations.

12. On information and belief, on November 3, 2018, Semper Fi Holding Series 1 LLC signed a contract with MFAM to hold a two-day event titled Salute the Troops Music Festival ("Festival") over the course of two days, March 22 to March 23, 2019.

13. On information and belief, Semper Fi did not apply for a Temporary Use Permit ("TUP") until February 8, 2019.

14. Pursuant to a letter dated April 18, 2019, from Nate Parienti, who on information and belief is a member of Semper Fi, a claim was tendered to NAC by Semper Fi for losses related to the relocation of Festival. The letter states that in mid-February, Semper Fi representatives were asked to attend a meeting scheduled

for February 21, 2019 with MFAM's landlord, the March Joint Powers Authority ("MJPA"), and various representatives of the Moreno Valley Police Department to review the site map, logistics, and security plan in advance of the Festival.  The letter states that when the February 21 meeting took place those in attendance included representatives from the Moreno Valley Police Station, MJPA, the local sheriff's department and fire department, March Air Force Base security, California Highway Patrol, and other local and federal agencies.  During the meeting, representatives of the various agencies voiced concerns regarding security issues and the overall safety of the event, including the potential for terrorist attacks given the close proximity to the March Air Force Base and the marketing of the event to active and veteran armed forces members; the possibility that event attendees could be injured while walking across a highway offramp from the parking lot to the Festival instead of using the provided shuttle buses; the possibility of violence at the event (including the possibility that attendees might attempt to use bike racks as weapons); the potential for drug use and other illegal activity at the event; and, the possibility that event attendees might jump over the fence separating the Festival from the March Air Force Base, threatening the safety of the active military installation at the base.  The April 18 letter states that in light of these safety and security concerns, the agencies in attendance purportedly stated that there was no realistic chance of the Festival's going forward on March 22–23 at MFAM.

15.    On information and belief, Semper Fi received a letter on March 4, 2019, stating MJPA staff had completed their review of the TUP application for the Festival and determined the application to be "incomplete" due to the fact that MJPA staff had yet to receive the requested additional information and documentation pertaining to (1) a venue/site plan that reorients all tents, restrooms, and additional structures away from the March Air Reserve Base runway fence, minimizing operational impacts at the March Air Reserve Base; (2) adequate temporary parking to accommodate vehicular traffic to be generated by the use, available either on-site

Freeman Mathis & Gary, LLP
Attorneys at Law

15
ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIM

or at alternate locations, including the necessary number of ADA parking spaces with clear and marked pathways of travel to and from the parking areas to the shelter loading areas; (3) proof that the proposed site is adequately served by streets or highways having sufficient width and improvements to accommodate the kind and quantity of traffic that the temporary use will or could reasonably be expected to generate; (4) a plan for the provision of sanitary and medical facilities; (5) a plan for the provision of solid waste and disposal; (6) a plan for the provision of security and safety measures including deputized officers or fire watch, if necessary, as determined by the March Air Reserve Base and state and local law enforcement and fire agencies; and (7) information on the types of temporary structures and facilities, including placement, height and size, and location of equipment and open spaces, including buffer area and other yards.  The letter also states that on February 21, 2019, Semper Fi representatives met with officials and staff from applicable federal, state, and local agencies, and all of the agencies expressed a number of concerns and requested additional information about the event location, security, timing of the event, safety, traffic parking, access, equipment, and lack of information to assist the MJPA with the approval clearance of the Temporary Use Permit.  The letter goes on to state that "MJPA staff has not received any information/approvals/concurrence from the agencies mentioned above, which will be necessary in order to approve the TUP application.  Therefore, MJPA staff is unable to continue processing the TUP application for the proposed Salute the Troops Festival at March Air Field Museum."

16. On information and belief, on or about March 12, 2019, SFP LLC notified NAC that the Festival changed venues to The Fox Theater Pomona and requested the Policy be modified to reflect the new venue.

17. On or about March 20, 2019, NAC issued the requested Policy Endorsement Number 6 to SFP LLC reflecting the covered event description and date as "Salute the Troops Music Festival taking place March 22–23, 2019 at The Fox Theater Pomona in Pomona, CA," effective March 12, 2019.

18.     Endorsement Number 6 was issued and made part of the Policy.

19.     On or about March 22, 2019, Semper Fi provided a notice of potential claim. "It has just been brought to our attention that threats have been made against the event and event personnel. Per the insured, another promoter incorrectly listed [the artist] as a performer for the event in marketing material. The [artist] and/or his manager got upset and asked the insured and their attorney for $20K in compensation. When the insured refused to pay, threats of physical violence were made against the insured contacts, their attorney, and the whole event. The insured is working with law enforcement to decide if the event is safe enough to continue, or if it needs to be cancelled to protect those attending, performing, and working the event." On information and belief, Semper Fi also indicated on March 22, 2019, that "the insured had to relocate [the Festival] to a new venue and therefore may have a claim for costs and losses associated with the relocation."

20.     On information and belief, the Festival went forward at the location described in the Policy for the period March 22 through March 24, 2019, at The Fox Theater Pomona. NAC was not informed before the event that the Festival was changed from two days to three days.

## FIRST COUNTERCLAIM

### (For Declaratory Relief under 28 U.S.C. § 2201 as to both Counterclaim Defendants)

21.     NAC incorporates by reference the allegations in paragraphs 1 through 20 as though fully set forth herein.

22.     An actual controversy exists between NAC, on the one hand, and Semper Fi and SFP LLC, on the other hand, concerning their respective rights and obligations under the Policy.

23.     Semper Fi wrongly contends that the Policy provides coverage for the claims made under the Policy.

24.     NAC seeks a judicial determination and declaration pursuant to 28

U.S.C. § 2201 that:

  a. The Policy provides coverage for an event that was not cancelled;

  b. The Policy insures SFP LLC, which is not the entity that seeks relief in this action;

  c. Semper Fi is not entitled to event cancellation benefits under the Policy because Section I.B.1. of the Policy is not satisfied:

  d. Semper Fi is not entitled to event cancellation benefits under the Policy because Section I.B.2. of the Policy is not satisfied because exclusion 8.a. applies;

  e. Semper Fi is not entitled to event cancellation benefits under the Policy because Section I.B.2. of the Policy is not satisfied because exclusion 8.b. applies; and,

  f. Semper Fi is not entitled to event cancellation benefits under the Policy because Section I.B.2. of the Policy is not satisfied because exclusion 8.c. applies.

25. In the alternative to the declarations sought in Paragraph 24.a. and Paragraph 24.b., NAC seeks a judicial determination and declaration pursuant to 28 U.S.C. § 2201 that;

  a. Even were Semper Fi entitled to any event cancellation benefits under the Policy, the quantum of loss under the Policy is zero;

  b. Semper Fi is not entitled to Extra Expense benefits under Section I.D. of the Policy because there are none; and,

Semper Fi is not entitled to Extra Expense benefits under Section I.D. of the Policy because neither entity obtained prior written approval of any such expenses.

## PRAYER FOR RELIEF

WHEREFORE, NAC prays as follows:

1. That Plaintiff take nothing by its First Amended Complaint;

2. That each of Plaintiff's claims be denied;

3. That each of Plaintiff's requests for relief be denied;

4. That judgment be entered for NAC;

5. That NAC be awarded its costs and attorney's fees to the extent permitted by law;

6. That NAC be awarded such other and further relief as the Court may deem proper.

Dated: November 15, 2019

FREEMAN MATHIS & GARY, LLP

By: /s/ Marc J. Shrake
Marc J. Shrake
Attorneys for Defendant, Counterclaim Plaintiff, and Third-party Plaintiff
NORTH AMERICAN CAPACITY INSURANCE COMPANY

19
ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIM

## **DEMAND FOR JURY TRIAL**

Defendant and Counterclaim Plaintiff NAC hereby demands a trial by jury in this action.

Dated: November 15, 2019

FREEMAN MATHIS & GARY, LLP

By: /s/ Marc J. Shrake
Marc J. Shrake
Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff North American Capacity Insurance Company

Freeman Mathis
& Gary, LLP
Attorneys at Law