NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPER FI HOLDINGS SERIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:19-CV-07274 DSF (JPRx)<br>Hon. Dale S. Fischer, Courtroom 7D<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

Having reviewed the Parties' Stipulation Re Protective Order, and for good cause appearing, the Court hereby enters a Protective Order as follows:

**1.  Definitions.**

1.1  In this Protective Order, the words set forth below have the following meanings:

a.  "Confidential Materials" means any Document, Testimony, or Information, as defined below: (i) that is produced for or disclosed to a party (Plaintiff or Defendant); (ii) that the Designating Party reasonably and in good faith believes to be entitled to confidential treatment under applicable law, and (iii) that has been designated as "Confidential Material" by the Designating Party in compliance with this Protective

Order. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of any Document, Testimony, or Information that legitimately, without breach of confidentiality, is a public record or in the public domain, received at any time by that party outside the course of the discovery process in this litigation.

    b.    "<u>Designating Party</u>" means the party that designates Confidential Materials as "Confidential."

    c.    "<u>Document</u>" or "<u>Documents</u>" means and includes any documents or electronically-stored information as contemplated by Federal Rule of Civil Procedure 34(a), including without limitation: (i) all writings as defined in Federal Rule of Evidence 1001(a); (ii) all originals as defined in Federal Rule of Evidence 1001(e); and (iii) any copies, reproductions, or summaries of all or any part of the foregoing.

    d.    "<u>Information</u>" means the content of Documents, Testimony, or written discovery responses.

    e.    "<u>Testimony</u>" means all depositions, declarations or other testimony taken or used in this Proceeding.

**2.** **<u>Designation of Confidential Material.</u>**

    2.1.    All or any part of any Documents, Testimony, or Information may be designated as "Confidential Material," but must be clearly so designated before it is disclosed or produced. Each party or non-party that designates Documents, Testimony, or Information for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited. The "Confidential" designation should not obscure or interfere with the legibility of the Document, Testimony, or Information.

    a. <u>For Documents and written discovery responses</u> (apart from deposition transcripts), the Designating Party must, at the time of production, mark the words "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" on each page containing confidential information of any Document containing Confidential Information or, with respect to any such Document produced natively, in the Document's file name.

    b. <u>For Testimony given in depositions</u> the party or non-party offering or sponsoring the testimony may designate on the record, before the close of the deposition, all Confidential Information or may designate portions of the deposition transcript confidential by notifying the parties in writing within thirty (30) days after receipt of the transcript. Only those portions of the Testimony that are appropriately designated for protection within thirty (30) days after receipt of the transcript shall be covered by the provisions of this Protective Order.

**3. <u>Inadvertent Failure to Designate.</u>**

    3.1. If a party inadvertently produces any Document, Testimony, or Information during discovery that it considers to be "Confidential Material," in whole or in part, without a "Confidential" designation, it may correct the situation as follows:

    a. Within twenty (20) days of the discovery of the inadvertent production without "Confidential" designation, and no later than forty-five (45) days prior to trial, the producing party must give written notice to all parties who received the Document, Testimony, or Information that the producing party claims it, in whole or in part, is "Confidential Material," together with a further copy of the subject Document, Testimony, or Information marked "Confidential" as intended by the Designating Party (the "Inadvertent Production Notice").

    b. Upon timely receipt of such Inadvertent Production Notice, the party

3
[PROPOSED] PROTECTIVE ORDER

that received the Document, Testimony or Information inadvertently produced without a "Confidential" designation shall promptly destroy the subject Document, Testimony or Information and all copies thereof, or, at the expense of the Designating Party, return them together with all copies, and shall retain only the version marked "Confidential" as intended by the Designating Party. Upon timely receipt of an Inadvertent Production Notice, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    c.    If timely corrected, an inadvertent failure to designate qualified Documents, Testimony, or Information as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

4. **Access to and Use of Confidential Material.**

    4.1.  "Confidential Material," shall be used or disclosed solely for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending this Proceeding, and in accordance with the provisions of this Protective Order, and shall not be used for any other purpose without the prior written consent of the Designating Party or further order of the Court. Confidential Material shall not be used in any other litigation or shared with potential or current litigants, their counsel, experts, consultants, agents or representatives in any other litigation. Confidential Material shall not be shared with the media, posted or otherwise disseminated online, or placed in third-party databases (aside from third-party vendors hired specifically to store such materials for the purpose of this Proceeding).

    4.2.  "Confidential Material" may be disclosed only to the following persons:

    a.    the Court, court officials, and any jury involved in the prosecution or

defense of claims in this Proceeding;

b. court reporters and videographers in this Proceeding (whether at depositions, hearings or other proceedings);

c. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court;

d. a party's directors, officers, employees, former employees, representatives and agents in connection with the prosecution, defense, or supervision of this action or in connection with the production of documents or the giving of testimony in this lawsuit;

e. auditors, reinsurers, accountants, regulators or retrocessionaires of any party who, in the normal course of business, would have access to or to whom a party has a business obligation to provide such information in connection with this Proceeding;

f. counsel of record for the respective parties in this action and counsel for any non-party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such counsel to whom such counsel deems necessary that the Confidential Material be shown for purposes of this litigation;

g. other counsel for the respective parties in this action and their employees, agents, and representatives who are assisting in the prosecution or defense of this action;

h. experts and consultants who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this action, provided that access to Confidential Material by experts and consultants shall be limited to documents that the experts or consultants

reasonably need to review in their roles as experts or consultants, and such access shall be conditioned upon each expert's and/or consultant's written agreement to abide by the terms of this Protective Order;

i. the author or recipient of a document containing the confidential information or a custodian or other person who otherwise possessed or knew the information;

j. during their depositions, witnesses, and attorneys for witnesses, in the Proceeding to whom disclosure is reasonably necessary provided: (1) the party disclosing the Confidential Material requests that the witness execute the Non-Disclosure Agreement attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any Confidential Material, unless it is marked as an exhibit to the witness's deposition or as otherwise agreed by the Designating Party or ordered by the Court (pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter);

k. other factual witnesses who agree to comply with and be bound by the requirements of this Protective Order and whose role as a witness is such that they have a genuine need to know the content of the confidential information;

l. copying and e-discovery service providers for the sole purpose of providing litigation support related to this Proceeding;

m. focus group participants and jury consultants related solely to this Proceeding; and

n. any other person that the Designating Party agrees to in writing.

4.3. Before disclosure of Confidential Material to any person in categories h, k, and/or n above, each such person shall be provided with a copy of this Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A). The

qualified persons listed above shall not distribute, disclose, or otherwise publish or make available Confidential Material to any third person unless consented to in writing by the Designating Party, or permitted to do so by the Court. Storing documents on a Party's internal electronic document management system is sufficient to comply with the requirements of the Protective Order, regardless of whether other officers, directors or employees of a Party not involved in the Action have access to the document management system.

4.4. This order does not purport to prevent, absent further order of the Court, the filing of Confidential Material in pleadings or documents filed in connection with a disposition motion or trial before Judge Fischer, Rule 2 of Judge Fischer's Standing Order.

4.5. Nothing in this Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information that is: (i) generally available to the public, other than as a result of disclosure by any Party to this Proceeding in violation of this Protective Order; (ii) already lawfully in the Party's possession prior to its designation as "Confidential" in this Proceeding; (iii) lawfully obtained on a non-confidential basis from a non-party to this Proceeding who, insofar as is known after a reasonable inquiry, is not bound by any obligation of confidentiality with respect to such information; or (iv) developed independently, as evidenced by a written record.

4.6. Within sixty (60) days after termination of this lawsuit by settlement or by judgment, and the expiration of any and all appeals therefrom, all parties shall return to counsel for such producing party all Confidential Material received from such party, including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of such Confidential Material, parties may certify to counsel for the producing party that they have destroyed all unreturned Confidential Material. Notwithstanding this provision, Counsel and each

Party are entitled to retain an archival copy of all pleadings, motion papers, trial, discovery, deposition, hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material. This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

## 5. Right to Challenge Designation, Assert Other Objections, and Seek Amendment of this Order.

5.1. Complying with the terms of this Protective Order shall not operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects information entitled to confidential treatment under applicable law. Any party may seek a determination by the Court as to whether any Document, Testimony, or Information marked "Confidential" should be subject to protection as "Confidential" under the terms of this Protective Order, as follows:

   a. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   b. The parties will abide by Central District Local Rule 37 in seeking such a determination. Specifically, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If counsel are unable to settle their differences, they shall formulate a joint written stipulation. Following the conference of

counsel, counsel for the moving party shall provide counsel for the opposing party with the moving party's portion of the stipulation. Counsel for the opposing party shall deliver or e-mail to counsel for the moving party the opposing party's portion of the stipulation within seven (7) days of receipt of the moving party's draft. After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than seven days prior to the hearing date.

  c. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless and until the Court rules on the challenge, all parties shall continue to treat the material in question as "Confidential Material."

 5.2. This Protective Order does not preclude any party from moving to have any other information or material designated as confidential in accordance with the rules of this Court. Any such additional information or material designated as confidential shall be treated as "Confidential Material" pursuant to the terms of this Order.

 5.3. This Protective Order is entered without prejudice to the right of any party to knowingly waive the applicability of this Protective Order to any Confidential Material designated by that party. However, if the Designating Party uses Confidential Materials in a non-confidential manner, including revealing it to any person other than those designated in Paragraph 5, all such materials shall no longer be designated "Confidential Materials," and the Designating Party shall promptly advise the other parties that the designation no longer applies.

 5.4. No party waives any right it otherwise would have to object to disclosing or producing any Document, Testimony, or Information on any ground not addressed in this Protective Order. Similarly, no party waives any right to object to the admissibility of any of the material covered by this Protective Order.

 5.5. The Court may amend this Order to prevent manifest injustice.

Additional protective orders also may be entered whenever deemed appropriate by the Court.

    5.6    If a court, regulatory authority, or administrative agency upon formal demand or subpoena orders the production of Confidential Material, the subpoenaed or court-ordered party shall promptly notify counsel for the designating party of the subpoena or order within five (5) days of being served with the subpoena or order. No production of Confidential Material shall occur until the time allowed for objections to the subpoena has passed.

**6.    Inadvertent Production of Privileged Matter.**

    6.1.    If a producing party inadvertently produces information or documents that it considered privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

    a.    Within twenty (20) days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the producing party must give written notice to all parties who received copies of the produced document that the producing party claims said document, in whole or in part, to be privileged and must state the nature of the privilege; in the event that only part(s) of document(s) are claimed to be privileged, the producing party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

    b.    Upon receipt of such Inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall promptly return them to the producing party and destroy any other copies thereof except to the extent reasonably necessary to promptly present the information to the court under seal for a determination of the claim pursuant to Fed. R. Civ.

P. 26(b)(5)(B).

c. After service of such notice, no motion to compel the production of the inadvertently produced privileged documents may rely on an allegation that any privilege as to the document was waived solely by virtue of its inadvertent production.

**IT IS SO ORDERED.**

DATED: March 20, 2020

Hon. Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Semper Fi Holdings Series, LLC v. North American Capacity Insurance Company* Case No. CV19-07274 DSF (JPRx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____